**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL KNIGHT,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*,<br><br>Respondents. | Civil Action No. 22-4223 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's amended petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 5.) Following an order to answer, Respondents filed a response to the Petition. (ECF No. 12.) Petitioner did not file a reply. Also before the Court is Respondents' unopposed motion to seal the record. (ECF No. 13.) Given the nature of Petitioner's criminal conviction, victim privacy concerns, Petitioner's interest in the privacy of his psychiatric history, and the state's interest in the confidentiality of presentence reports, the Court grants Respondents' motion to seal. For the following reasons, the Court denies the amended petition and denies Petitioner a certificate of appealability.

I.  **BACKGROUND**

In its opinion affirming the denial of Petitioner's post-conviction relief petition, the Superior Court of New Jersey, Appellate Division, summarized the factual background of Petitioner's conviction as follows:

> On May 4, 2016, in New Brunswick, [Petitioner] encountered P.S.[] and dragged her a distance to a secluded area in a college campus and sexually assaulted her. Passers-by heard P.S. screaming for help and chased [Petitioner] away. One of the passers-by pursued [Petitioner] and called police with a detailed description. The record shows P.S. was discovered lying motionless on the ground, with her face severely beaten and covered in blood. Her pants and undergarments had been pulled down. As a result of the assault, P.S. suffered numerous injuries including a broken jaw, broken teeth, broken orbital sockets, and abrasions to her hands and knees. She had been digitally penetrated.
>
> The police investigated, reviewing surveillance footage of the area, taking DNA samples from P.S.'s fingernails, and interviewing multiple witnesses. As a result of the investigation, [Petitioner] was taken into custody on May 14, 2016.
>
> [Petitioner] was indicted on multiple charges including: four counts of first-degree aggravated sexual assault[,] one count of first-degree kidnapping[,] one count of second-degree assault[,] one count of third-degree criminal sexual contact[,] one count of third-degree endangering an injured victim[,] and one count of third-degree terroristic threats[.]
>
> [Petitioner] pled guilty to one count of first-degree aggravated sexual assault and one count of first-degree kidnapping. [As part of that plea agreement, Petitioner understood that he faced a sentence of up to fifty years, but that the state would recommend a lesser sentence of twenty-two years on the kidnapping charge with a concurrent fifteen years on the sexual assault charge, subject to Megan's Law penalties and parole supervision for life.]
>
> . . . .
>
> On May 18, 2018, the [trial] court sentenced [Petitioner] in accordance with the plea agreement [to a concurrent twenty-two year prison term].

(ECF No. 12-14 at 1–5.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "the holdings, as opposed to the dicta[,]" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the]

3

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

In his amended habeas petition, Petitioner brings a single claim in which he asserts that he believes his sentence is excessive in light of his mental health history and his alleged intoxication at the time of the offense. In making this argument, Petitioner relies in part on a contention that his sentence is consecutive.[1] As Petitioner is serving concurrent sentences on the two counts to which he pled guilty, however, he has no consecutive sentence to challenge.

The Court now turns to Petitioner's contention that his sentence is excessive as it was not reduced to reflect his mental health history and alleged intoxication at the time of the offense. Because federal habeas jurisdiction is only available to remedy violations of the United States Constitution or federal law, habeas relief is ordinarily not available for alleged errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *Lewis v. Jeffers*, 490 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001). A federal habeas court therefore has no authority to re-examine state court determinations on issues of state law. *See Estelle*, 502 U.S. at 67-69. Because "sentencing is a matter of state criminal procedure and [generally] does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus," an alleged sentencing error by a state court will not warrant habeas relief unless the sentence imposed was outside of the range authorized by the crime in question or was otherwise beyond the sentencing judge's authority to give. *See, e.g., Sutton v.*

---

[1] Petitioner appears to believe that, for the two charges to which he pled guilty, he received three consecutive sentences of ten, five, and seven years for a total sentence of twenty-two years. (*See* ECF No. 5 at 16.) The record makes clear, however, that Petitioner received a fifteen-year sentence for the sexual assault charge and a twenty-two year sentence on the kidnapping charge, which were concurrent to one another, for a total concurrent sentence of twenty-two years. (*See* ECF No. 12-2 at 24-25.) Petitioner's beliefs about his sentence are thus clearly mistaken.

*Blackwell*, 327 F. Supp. 2d 477, 486 (D.N.J. 2004) (quoting *Grecco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987). As Petitioner's sentence was well within the statutory maximums for the crimes to which he pled guilty—he faced up to fifty years' imprisonment under state law and received a concurrent twenty-two year sentence—and Petitioner received the exact sentence to which he agreed in his plea agreement with the state and plea colloquy with the trial court judge (*see* ECF No. 12-14 at 7-8), his sentence was not fundamentally unfair, and Petitioner's excessive sentence claim serves as no basis for habeas relief and is denied as such.[2]

IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's habeas claim is without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his petition is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

---

[2] Although the Court need not reach the issue as Petitioner's claim fails to state a valid basis for habeas relief, the Court notes that the Appellate Division expressly found that the sentencing court possessed and considered the exact information Petitioner contends should have been used to reduce his sentence, including his history of mental health issues and substance abuse. (*See* ECF No. 12-14 at 9.)

## V. CONCLUSION

In conclusion, Petitioner's amended habeas petition (ECF No. 5) is **DENIED**, Petitioner is **DENIED** a certificate of appealability, and Respondents' motion to seal (ECF No. 13) is **GRANTED**. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
